SPRINGFIELD, L. I., CEMETERY SOCIETY et al. v. GILLERAN et al.

(No. 5729.)

(Supreme Court, Appellate Division, First Department.    May 1, 1914.)

CEMETERIES (§ 5*)—CORPORATIONS—ELECTION OF DIRECTORS—STATUTORY PROVISIONS.

> Under Membership Corporation Law (Consol. Laws, c. 35) § 63, authorizing lot owners, stockholders, and holders of certificates of indebtedness to vote at the annual meeting of a cemetery corporation, and section 64 providing that the directors of such corporation shall be elected at the annual meeting by the persons entitled to vote thereat, and that if, at any such meeting, one-fifth of the owners of lots or plats shall not vote, the directors shall be chosen by the existing directors, unless they shall be chosen by a majority of the votes of the owners of certificates of stock or indebtedness, the lot owners, stockholders, and holders of certificates of indebtedness may all vote for such directors, provided one-fifth of the latter are present and offering to vote, otherwise only the stockholders and holders of certificates of indebtedness shall have the right to vote.

> [Ed. Note.—For other cases, see Cemeteries, Cent. Dig. §§ 4–8; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Proceedings by the Springfield, L. I., Cemetery Society and others against Thomas Gilleran and others, to set aside an election of directors of the Cemetery Society and to order a new election. From an order granting the relief prayed for, Gilleran and others appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John M. Gardner, of New York City, for appellants.

Daniel D. Walton, Jr., of New York City, for respondents.

DOWLING, J.    The first statute regulating the election of trustees of cemetery corporations is chapter 133, Laws of 1847 ("An act authorizing the incorporation of rural cemetery associations"), which provides (section 5):

> "The trustees chosen at any election subsequent to the first, shall hold their places for three years and until others shall be chosen to succeed them. The election shall be by ballot, and every person of full age, who shall be a proprietor of a lot or plat in the cemetery of the association, containing not less than four hundred square feet of land, or if there shall be more than one proprietor of any such lot or plat, then such one of the proprietors as the majority of joint proprietors shall designate to represent such lot or plat, may either in person or by proxy, give one vote for each plat or plot, of the dimensions aforesaid, and the persons receiving a majority of all the votes given at such election, shall be trustees to succeed those whose term of office expires. But in all elections after the first, the trustees shall be chosen from among the proprietors of lots or plats. And the trustees shall have power to fill any vacancy in their number occurring during the period for which they hold their office."

By chapter 163, Laws of 1860, provision was made for the issuance of certificates in the sum of $100 each to fund any outstanding indebtedness of such corporations for lands purchased for cemetery purposes or for moneys actually expended in improving the grounds.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 3 of this act provided for the keeping of a record of the certificates issued and their redemption, and further provided:

"Until the said certificates shall be redeemed, the holders of the same shall be entitled to vote at all elections and business meetings of the corporation, one vote for each and every certificate of one hundred dollars held by such voter."

But, despite this, section 5 of the former act (chapter 133, Laws 1847) was re-enacted, changed only by reducing the amount of land which a lot owner was required to own in order to qualify him to vote to 96 square feet. Thus apparently it was intended, by the reasonable construction of the two sections taken together, that both certificate holders and plot owners should participate in the election, and a majority of all the votes should elect. But chapter 361, Laws 1873, re-enacting these provisions heretofore quoted as to certificate holders and plot owners, added in section 5 the following provision:

"If at any such election one-fifth in number of the said proprietors shall not in person or by proxy, vote thereat, then the trustees to be chosen shall be elected and chosen by the existing trustees or a majority of them, and the existing trustees shall in all cases hold their places until their successors are elected and qualified."

Trustees (after the first election) were still required to be lot owners. Thus, while both certificate holders and lot owners still retained the right to vote at elections, both classes lost their right to vote, unless one-fifth of the lot owners were present or represented. On the failure of that requirement, the right to elect passed to the existing trustees. By chapter 107, Laws 1879, the exchange of certificates of indebtedness of such corporations into stock thereof was authorized, and section 2 provided:

"The holders of the said stock shall be entitled, in person or by proxy, to one vote for every share thereof, at the annual election for trustees and at other business meetings of the said corporation."

But no change was made in section 5, requiring the presence of one-fifth of the plot owners in default of which the existing trustees were to elect.

By chapter 497, Laws of 1881, a new scheme of voting was first introduced. It amended section 5 of the original act (chapter 133, Laws of 1847, as amended) to read in part as follows:

"The election shall be by ballot, and every person of full age who shall be proprietor of a lot or plat in the cemetery of the association containing not less than ninety-six square feet of land, or if there are more than one proprietor of any such lot or plat, then such one of the proprietors as the majority of joint proprietors shall designate to represent such lot or plat may, either in person or by proxy, give one vote for each plat or lot of the dimensions aforesaid, and the persons receiving a majority of all the votes given at such election shall be trustees to succeed those whose term of office expires. If at any such election one-fifth in number of the said proprietors shall not, in person or by proxy, vote thereat, then the trustees to be chosen shall be elected and chosen by the existing trustees, or a majority of them, unless such trustees to be chosen shall be elected and chosen by the votes of holders of unredeemed certificates or bonds given for the purpose of improvement of said cemetery grounds pursuant to chapter one hundred and sixty-three of the laws of eighteen hundred and sixty, and the existing trustees shall in all cases hold their places until their successors are elected and qualified."

'Trustees were still required to be chosen from among the lot proprietors. In 1895 the Membership Corporation Law was passed · (chapter 559, Laws of 1895). Section 43 thereof conferred the general right to vote at the corporate meetings upon the lot owners and certificate holders. It provided:

"Each person of full age owning the use of a lot or plat, or part of either, containing at least ninety-six square feet of land in the cemetery of the corporation, or if there be two or more owners of such lot, then one of them designated by a majority of such joint owners to represent such lot or plat, or part of either, may cast one vote for each such lot or plat, or part of either, so owned, at the meetings of the corporation. Each owner of a certificate of stock heretofore lawfully issued, and each owner of a certificate of indebtedness of a cemetery corporation, may vote at the meetings of the corporation. Each owner of stock heretofore lawfully issued shall be entitled to one vote for each share of stock owned by him at the meetings of the corporation. Each owner of a certificate of indebtedness of a cemetery corporation shall be entitled to one vote at such meetings for each one hundred dollars of indebtedness."

Section 44 then provides:

"The directors of a cemetery corporation shall be elected at its annual meetings, by ballot, by the persons entitled to vote thereat. If at any such meeting one-fifth of the owners of lots or plats shall not, in person or by proxy, vote thereat, the directors shall be chosen by the existing directors or a majority of them, unless such directors shall, at such meeting, be chosen by a majority of the votes of the owners of certificates of stock or indebtedness."

Whether intended or not, the provisions of this statute seem to require elections in one of the following methods: (1) If one-fifth of the owners of lots shall be present or represented by proxy, then the plot owners, certificate holders, and stockholders (entitled to the number of votes specified) shall all vote together, and a majority of the votes cast shall be sufficient to elect; (2) if one-fifth of the plot owners shall not be present or represented by proxy, then the plot owners are disfranchised and the election is to be by the majority of the votes of the owners of certificates of indebtedness and of stock, . but, in the event that no holders of such certificates of stock or indebtedness shall cast their votes, then the existing directors shall elect. While it is difficult to find justification for this procedure or to explain why the lot owners who are present should be disfranchised because their fellow owners fail to attend in sufficient numbers, we. can only apply the law as we find it. Chapter 745, Laws 1900, amended section 44 of the Membership Corporation Law by adding at the very end thereof the proviso:

"Excepting that in the county of Jefferson at any such meeting, the attendance of one-fifteenth of the owners of lots or plats will be sufficient to constitute a quorum for the election of directors."

As nothing in the section referred to a quorum, it must have been the purpose of this amendment simply to preserve the right of the lot owners to vote if one-fifteenth should be present or represented, instead of one-fifth. The Membership Corporation Law (chapter 40, Laws 1909 [Consol. Laws, c. 35]), where the former sections 43 and 44 appear as sections 63 and 64, made no change in the condition of law in the particulars in question.

147 N.Y.S.—33

The by-laws of the cemetery corporation in question are an almost literal transcript of the statute, and read as follows:

"III. At all meetings of the society each person of full age owning the use of a lot or plot or part of either containing at least 96 square feet of land in the cemetery of the society, * * * or if there be two or more owners of such lot then one of them designated by a majority of such owners to represent such lot or plot or part of either, may cast one vote for each such lot or plot or part of either so owned. Each owner of a certificate of indebtedness of the society may vote at its meetings and shall be entitled to one vote at such meetings for each one hundred dollars of such indebtedness. Proxies may be given but they shall be in writing and shall be filed with the secretary at or previous to the time of meeting.

"The books of the society showing, as required by law, the exact and true account of the number and amount of certificates of indebtedness and the person to whom issued shall be conclusive."

"V. The directors of the society other than those named in the certificate of incorporation shall be elected at its annual meetings, by ballot, by the persons entitled to vote at meetings. If at any such meeting one-fifth of the owners of lots or plots shall not in person, or by proxy, vote thereat, the directors shall be chosen by the existing directors or a majority of them, unless such directors, at such meeting, be chosen by a majority of the votes of the owners of certificates of indebtedness."

At the meeting in question concededly more than one-fifth of the owners of lots or plots were present in person or by proxy. As a matter of fact, 16 out of 29 owners, owning 189 lots out of 280, cast their votes. I am therefore of the opinion that under the by-laws and the statute, the requirements of both having been fulfilled by the casting of the votes of more than one-fifth of the lot owners, the choice of trustees was to be by a majority of all the votes cast, viz., by lot owners, by certificate holders, and stockholders, all of whom were entitled to vote thereat. The condition upon which the general right of the three classes to vote depended was satisfied, and the refusal to allow the stock and certificate holders to vote was erroneous, and the election by the plot owners alone was invalid.

The order appealed from will therefore be affirmed, with costs. All concur.